| | |
|---|---|
| 1 | JEFFREY A. TOPOR (SBN 195545) |
| | jtopor@snllp.com |
| 2 | ARVIN C. LUGAY (SBN 242599) |
| | alugay@snllp.com |
| 3 | SIMMONDS & NARITA LLP |
| | 44 Montgomery Street, Suite 3010 |
| 4 | San Francisco, CA 94104-4816 |
| | Telephone: (415) 283-1000 |
| 5 | Facsimile:   (415) 352-2625 |
| | tnarita@snllp.com |
| 6 | tcampbell@snllp.com |

Attorneys for defendant
Apex Financial Management, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DEON L. THOMAS, | ) | CASE NO.: 12-cv-04377-DDP-DTB |
| | ) | |
| Plaintiff, | ) | **ANSWER TO COMPLAINT** |
| | ) | |
| vs. | ) | |
| | ) | |
| APEX FINANCIAL MANAGEMENT, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant APEX FINANCIAL MANAGEMENT, LLC ("Defendant"), hereby submits the following Answer to the Complaint filed in this action by plaintiff DEON L. THOMAS ("Plaintiff"):

1.   In answering Paragraph 1 of the Complaint, Defendant admits that Plaintiff brings this action for Defendant's alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.  Except as herein admitted, the remaining allegations of Paragraph 1 are denied.

2.   In answering Paragraph 2 of the Complaint, Defendant admits that Plaintiff alleges this court has jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.  Except as herein admitted, the remaining allegations of Paragraph 2 are denied.

3.   In answering Paragraph 3 of the Complaint, Defendant admits that Plaintiff alleges all conditions precedent to the bringing of this action have been performed.  Except as herein admitted, the remaining allegations of Paragraph 3 are denied.

4.   In answering Paragraph 4 of the Complaint, Defendant lacks sufficient information to form a belief as to whether Plaintiff resides in Riverside County, California and on that basis denies the allegation.  Except as herein admitted, the remaining allegations of Paragraph 4 of the Complaint are denied.

5.   In answering Paragraph 5 of the Complaint, Defendant admits that Plaintiff alleges venue is proper in the Central District of California.  Except as herein admitted, the remaining allegations of Paragraph 5 are denied.

6.   In answering Paragraph 6 of the Complaint, Defendant lacks sufficient information to form a belief as to whether Plaintiff was, at all relevant times, a resident of Riverside County, California and on that basis denies the allegation.

7.   In answering Paragraph 7 of the Complaint, Defendant admits that Plaintiff alleges that Apex Financial Management, LLC is the defendant.  Except as herein admitted, the remaining allegations of Paragraph 7 are denied.

8. In answering Paragraph 8 of the Complaint, Defendant lacks sufficient information to form a belief as to the allegations contained in this paragraph, and on that basis denies them.

9. In answering Paragraph 9 of the Complaint, Defendant lacks sufficient information to form a belief as to the allegations contained in this paragraph, and on that basis denies them.

10. In answering Paragraph 10 of the Complaint, Defendant lacks sufficient information to form a belief as to the allegations contained in this paragraph, and on that basis denies them.

11. Defendant incorporates by reference paragraphs 1 through 10 above as if fully set forth herein.

12. Admitted.

13. Admitted.

14. In answering Paragraph 14 of the Complaint, Defendant avers that the contents of 15 U.S.C. § 1681a(d) are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 14 are denied.

15. In answering Paragraph 15 of the Complaint, Defendant avers that the contents of 15 U.S.C. § 1681b are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 15 are denied.

16. In answering Paragraph 16 of the Complaint, Defendant avers that the contents of 15 U.S.C. § 1681b are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 16 are denied.

17. Denied.

18. In answering Paragraph 18 of the Complaint, Defendant admits that prior to filing this lawsuit, Plaintiff communicated with Defendant regarding his allegation that Defendant violated the FCRA. Except as herein admitted, the remaining allegations of Paragraph 18 are denied.

19. In answering Paragraph 19 of the Complaint, Defendant lacks sufficient information to form a belief as to the allegations contained in this paragraph, and on that basis denies them.

20. Denied.

21. In answering Paragraph 21 of the Complaint, Defendant denies all allegations therein and denies that Plaintiff is entitled to any relief requested.

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the Complaint, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The allegations of the Complaint fail to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations/Laches)

The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE
### (Unclean Hands)

The allegations in the Complaint and relief requested are on information and belief barred in whole or in part by the doctrine of unclean hands.

//
//
//

DEFENDANT'S ANSWER TO COMPLAINT   3

## FOURTH AFFIRMATIVE DEFENSE
### (No Wilful Conduct)

Defendant acted in good faith at all times in its dealings with Plaintiff, and if any conduct by Defendant is found to be unlawful, which Defendant expressly denies, such conduct was not wilful and should not give rise to liability.

## FIFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that he may have and is therefore barred from recovering damages, if any, from Defendant.

## SIXTH  AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiff has waived his rights, if any, to recover the relief he seeks in the Complaint based upon his own conduct and admissions with respect to the financial obligation at issue.

## SEVENTH AFFIRMATIVE DEFENSE
### (Good Faith)

Defendant has, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

## EIGHTH AFFIRMATIVE DEFENSE
### (Apportionment)

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendant.  The liability, if any exists, of

Defendant and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of Defendant should be reduced accordingly.

## NINTH AFFIRMATIVE DEFENSE
### (Supervening Cause)

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendant has or had no control.

## TENTH AFFIRMATIVE DEFENSE
### (Equitable Indemnity)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

## ELEVENTH AFFIRMATIVE DEFENSE
### (First Amendment)

Defendant's conduct is protected under the First Amendment of the United States Constitution.  Plaintiff's proposed interpretation of provisions of the FCRA must be rejected as it would place an unreasonable restraint upon Defendant's First Amendment rights, thereby raising serious constitutional issues.

## TWELFTH AFFIRMATIVE DEFENSE
### (Standing)

Plaintiff lacks standing to pursue the claims asserted in this action.

WHEREFORE, Defendant requests judgment as follows:

1. That Plaintiff take nothing by the Complaint, which should be dismissed with prejudice.

2. That Defendant recover from Plaintiff costs according to proof.

3. That Defendant recover attorneys' fees according to proof.

4. That the Court orders such other further reasonable relief as the Court may deem just and proper.

DATED: June 15, 2012         SIMMONDS & NARITA LLP
                             JEFFREY A. TOPOR
                             ARVIN C. LUGAY

                       By:   s/Jeffrey A. Topor
                             Jeffrey A. Topor
                             Attorneys for defendant
                             Apex Financial Management, LLC

# PROOF OF SERVICE

I, the undersigned, declare:

I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to this action. My business address is 44 Montgomery Street, Suite 3010, San Francisco, California 94104-4816.

I am readily familiar with the business practices of my employer, Simmonds & Narita LLP, for the collection and processing of correspondence by mailing with the United States Postal Service and that said correspondence is deposited with the United States Postal Service that same day in the ordinary course of business.

On this date, I served a copy of the following document:

1)   ANSWER TO COMPLAINT

by causing such document to be placed in a sealed envelope for collection and delivery by the United States Postal Service to the addressee indicated below:

**VIA U.S. MAIL**

Deon L. Thomas
14626 Red Gum Street
Moreno Valley, CA 92555
Plaintiff in pro se

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at San Francisco, California on this 15th day of June, 2012.



Sally Koo