Deon L. Thomas
14626 Red Gum Street
Moreno Valley, CA 92555
dlthomas32@gmail.com

JEFFREY A. TOPOR (SBN (195545)
jtopor@snllp.com
ARVIN C. LUGAY (SBN 242599)
alugay@snllp.com
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile: (415) 352-2625

Attorneys for Defendant
Apex Financial Management, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Deon L. Thomas,<br><br>   *Plaintiff*<br><br> vs.<br><br>APEX FINANCIAL MANAGEMENT, LLC<br><br>   *Defendants* | Case No. CV 12-04377 DDP (DTBx)<br><br>**JOINT RULE 26(f) REPORT & PROPOSED DISCOVERY PLAN**<br><br>Scheduling Conference: 8/27/2012<br>Time: 3:30 p.m.<br>Judge: Hon. Dean D. Pregerson |

   Pursuant to Federal Rule of Civil Procedure Rule 26(f), the parties met and conferred telephonically on August 17,, 2012, and submit the following Joint Rule 26(f) Report and Proposed Discovery Plan.

**A.** **A short statement of claims, counterclaims, and affirmative defenses.**

Plaintiff Deon Thomas ("Plaintiff") alleges that Defendant Apex Financial Management, LLC ("Defendant") violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681 *et seq.*, by obtaining his credit report in August 2009 without a permissible purpose. Plaintiff alleges he is entitled to statutory damages or actual damages, any attorney's fees and costs.

Defendant has filed an Answer to the Complaint which denies all of the material allegations and which asserts various affirmative defenses. Defendant denies that it violated the FCRA or any other law.

**B.     A brief description of the key legal issues.**

The single legal issue presented in this case is whether Defendant had a permissible purpose to obtain Plaintiff's credit report.

**C.     A discussion of the likelihood of motions seeking to add other parties or claims, file amended pleadings, or transfer venue.**

Plaintiff reserves the right to file an amended complaint adding additional causes of action and other parties.

Defendant has filed an Answer to the Complaint and does not plan to amend its pleadings unless an Amended Complaint is filed.

**D.     Insurance Coverage:**

Not applicable.

**E.     A discussion of discovery and experts pursuant to Rule 26(f).**

Plaintiff agrees to conduct discovery per the Federal Rules of Civil Procedure guidelines and constraints. Plaintiff believes that any information pertaining to the communication between Plaintiff and Defendant, and each of them, both written and oral will need to be discovered. Plaintiff agrees to limit the number of written discovery requests as set forth in the Federal Rules

of Civil Procedure.  Plaintiff further agrees to a maximum of three (3) depositions to be taken by each party, excluding expert depositions.

    1)    Plaintiff's discovery will be directed toward Defendant obtaining Plaintiff credit report.  Plaintiff will also conduct discovery into Defendant's affirmative defenses.  Plaintiff intends to conduct depositions and propound written discovery.

    2)    Defendant plans to conduct discovery regarding any and all information pertaining to Plaintiff's allegations and alleged damages suffered.  Defendant intends to conduct deposition of Plaintiff and propound written discovery.

    3)    Expert witness disclosures:  The parties agree to the time for expert witness disclosures set forth in FRCP 26(a)(2)(C).

    4)    Electronically stored information:  Plaintiff and Defendant have not identified nor anticipate issues to arise relating to the identification, maintenance and production of electronically stored information.  Plaintiff and Defendant agree to produce electronically stored information in hard copy form, if applicable.

    5)    Discovery conducted thus far:  The parties have not yet conducted discovery.

    6)    Discovery Limitations: None except as stated above.  Plaintiff and Defendant anticipate the need for a Stipulated Protective Order and Confidentiality Agreement as to any account notes or confidential and proprietary information requested in discovery.

**F.**    **A description of any issues which may be resolved by motions for summary judgment.**

Plaintiff and Defendant believe that liability can be determined in a motion for summary judgment.

**G.     A brief description of settlement discussions to date, and the settlement selection pursuant to Local Rule 16.**

The parties have discussed settlement in good faith and were unable to reach an agreement. The parties consent to mediation through the Court's ADR program/mediator panel.

**H.     A realistic time estimate required for trial and whether it will jury or court.**

Plaintiff has requested a trial by jury and anticipates a 2 or 3 day trial.

Defendant anticipates that a trial will take no more than 2 days.

**I.     Proposed dates.**

Plaintiff Proposed dates:

1)   Fact discovery cut-off = March 22, 2013

2)   Expert Witness Disclosure = February 28, 2012

3)   Rebuttal Expert Witness Disclosure = March 28, 2013

4)   Expert discovery cut-off = March 21, 2013

5)   Motion hearing date cut-off = July 24, 2013

6)   Pre-trial conference = August 8, 2013

7)   Trial = September 20, 2013

**J.     Any other matters affecting the status of the case.**

None.

**K.     Disclosure By Corporate Parties**

Defendant has filed a Certification and Notice of Interested Parties pursuant to Local Rule 7.1-1.

**L.     Patent Cases.**

Not applicable.

M.  **Consent to Magistrate Judge.**

Plaintiff does not consent to a magistrate judge for all purposes.

Date: 8-20-2012

Respectfully submitted:

_____
Deon Thomas
Plaintiff

Dated: August 20, 2012

SIMMONDS & NARITA LLP

s/Arvin C. Lugay
Arvin C. Lugay
Attorneys for Defendant
Apex Financial Management, LLC